UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAVAN D. BROWN, | |
| Plaintiff, | |
| v. | No. 3:24 CV 718 |
| LAPORTE COUNTY PROSECUTER OFFICE, *et al.*, | |
| Defendants. | |

### OPINION and ORDER

Javan D. Brown, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brown alleges that he requested a speedy trial and his request was granted. Deputy Prosecuting Attorney Sarah A. Konieczny asked for a continuance and further asked that Brown remain in custody pending trial. Brown was held for several days while his counsel filed a motion seeking his release, which was granted. He is suing the

LaPorte County Prosecutor's Office, Deputy Prosecuting Attorney Konieczny, and Prosecuting Attorney Sean Fagan.

The LaPorte County Prosecutor's Office is an arm of the state and therefore entitled to immunity. *See Srivastava v. Newman*, 12 Fed. Appx. 369 (7th Cir. 2001) (noting that "[a]lthough no Indiana state courts have decided the issue, district courts sitting in Indiana have held that, under Indiana law, prosecutors are state officials when prosecuting criminal cases" and agreeing with the conclusion of the district courts); *see also Hendricks v. New Albany Police Dep't*, No. 4:08-CV-0180-TWP-WGH, 2010 WL 4025633, at *3 (S.D. Ind. Oct. 13, 2010) ("[S]uing the Prosecutor's Office—a state agency—is akin to suing the State of Indiana itself. Thus, the doctrine of sovereign immunity precludes Plaintiff's suit.").

Likewise, Brown cannot proceed against Deputy Prosecuting Attorney Konieczny or Prosecuting Attorney Sean Fagan. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile."

2

*Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: September 6, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT